# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 26, 2018

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
PAULINE HARDY,                          *
                                        *
        Petitioner,                     *      No. 17-232V
                                        *      Special Master Sanders
v.                                      *
                                        *      Attorneys' Fees and Costs
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
        Respondent.                     *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

     On February 17, 2017, Pauline Hardy ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered right shoulder injuries as a result of an influenza ("flu") vaccination she received on November 5, 2015. Pet. at 1, ECF No. 1. On June 28, 2018, Petitioner filed a Motion to Dismiss her petition, conceding that "[a]n investigation of the facts and science supporting her case have demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Mot. to Dismiss, ECF No. 32, at 1. On the same day, the undersigned issued her Decision dismissing the case due to insufficient proof. Decision, ECF No. 33, at 2.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On September 13, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 36 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $16,286.09. Fees App at 2. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. *Id.* Respondent reacted to the motion on September 25, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 37). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.  Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, it appears that reasonable basis existed at the time of filing. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is proper in this matter.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.' " *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.  Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

Petitioner requests the following rates of compensation for her attorneys: for Ms. Amy Senerth, $225.00 per hour for work performed in 2017 and $233.00 per hour for work performed in 2018; and for Mr. Maximillian Muller, $270.00 per hour for work performed in 2016, $300.00 per hour for work performed in 2017, and $317.00 per hour for work performed in 2018. Fees App. at 1. Petitioner also requests rates for paralegals ranging from $125.00 per hour to $150.00 per hour based on year and the paralegal performing the work. *Id.*

The rates requested for all attorneys and paralegals are consistent with what counsel has requested and been awarded in previous Vaccine Program cases by the undersigned and other Special Masters. *Curry v. Sec'y of Health & Human Servs.*, No. 16-68V, 2018 WL 3991228, at \*1 (Fed. Cl. Spec. Mstr. Jul. 10, 2018); *Lee v. Sec'y of Health & Human Servs.*, No. 15-823V, 2018 WL 4403970, at \*1 (Fed. Cl. Spec. Mstr. Aug. 22, 2018). Accordingly, no adjustment to the requested rates is necessary.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The requested hours require some adjustments. Ms. Senerth's billed time is largely reasonable, with only minor adjustments required. Ms. Senerth has billed two entries for scanning documents, which is typically considered an administrative/clerical task (entries on 3/17/17 and 6/27/18). Fees App. at 6, 9. It is well established that work such as preparing exhibits for filing, calendaring events, and mailing documents is considered secretarial/clerical work and is not compensable in the Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at \*3 (Fed. Cl. Spec. Mstr.

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Apr. 12, 2018). Additionally, on 12/4/17, Ms. Senerth billed 0.2 hours to file a motion for enlargement, which is typically considered a paralegal task that is compensated at paralegal rates and usually only billed at 0.1 hours if at all. The undersigned will therefore compensate this entry at the rate at $125.00 per hour (the amount at which Muller Brazil paralegals contemporaneously billed) for 0.1 hours of work. In all, this results in a reduction of **$146.60.**[4]

Turning to time billed by paralegals, the undersigned notes that there are several issues. Paralegals routinely billed 0.3 hours as the standard amount of time required to file documents via CMECF (entries on 2/17/17, 3/17/17, 5/10/17, 6/5/17, 4/4/18, 5/4/18, and 6/28/18). In the undersigned's experience, this is an excessive amount of time to bill for filing documents online. Additionally, multiple entries billed for scanning or mailing documents and processing invoices, which have all consistently been found to be administrative/clerical work (entries on 2/17/17, 6/16/17, 11/14/17, 1/12/18, 3/9/18, 3/20/18). These entries were also all billed at 0.3 hours.

For all these reasons, the undersigned finds the total number of paralegal hours billed to be excessive, and therefore shall reduce the total amount of paralegal compensation by 20%. The billing records indicate that the total amount billed by paralegals is $3,357.50. Fees App. at 1. This results in a total reduction of **$671.50.**

c. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,352.39 in attorneys' costs. Of this amount, $608.24 is for the expert services of Dr. Marko Bodor, who billed $500.00 per hour for 73 minutes to review petitioner's medical records and prepare some sort of report which ultimately was not filed. Fees App. Ex. B at 14.

Awarding $500.00 per hour for expert work has been rare in the Vaccine Program and has typically been awarded to experts who not only possess exemplary qualifications, but who have performed a substantial amount of work in Vaccine Program cases. *See Rosof v. Sec'y of Health & Human Servs.*, No. , 2017 WL 1649802, at *4 (Fed. Cl. Spec. Mstr. Mar. 31, 2017); *DiMatteo v. Sec'y of Health & Human Servs.*, No. 10-566V, 2014 WL 1509320, at *8 (Fed. Cl. Spec. Mstr. Mar. 27, 2014).

Upon review of Dr. Bodor's credentials and past Vaccine Program experience, the undersigned finds it reasonable to reduce his requested rate slightly. Dr. Bodor possesses strong credentials as an expert – his CV indicates that he is board certified in Physical Medicine and Rehabilitation with several sub-specialties, and he has authored an article which considered the relationship between vaccinations and shoulder dysfunction. In sum, Dr. Bodor is no doubt qualified to offer his opinion in a case alleging shoulder injury. On the other hand, Dr. Bodor has only limited experience in the Vaccine Program. Given these factors, the undersigned finds that $425.00 per hour is a reasonable rate at which to compensate Dr. Bodor for his work in this case. This results in a reduction of **$76.99** from the total costs.[5]

---

[4] $67.50 + $46.60 + $32.50 = $146.60.

[5] $608.24 - $531.25 = $76.99.

The remaining balance of costs is comprised of medical record costs, mailing costs, and the Court's filing fee. These costs are typical of Vaccine Program litigation, and Petitioner has provided adequate documentation of the requested costs. Accordingly, the undersigned awards Petitioner attorneys' costs in the amount of **$1,275.40**.

## II.    Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $14,933.70 |
| (Reduction to Attorney Hours) | - $146.60 |
| (Reduction to Paralegal Hours) | - $671.50 |
| **Total Attorneys' Fees Awarded** | **$14,115.60** |
| | |
| Attorneys' Costs Requested | $1,352.39 |
| (Reduction of Costs) | -$76.99 |
| **Total Attorneys' Costs Awarded** | **$1,275.40** |
| | |
| **Total Amount Awarded** | **$15,391.00** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $15,391.00 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Amy Senerth, of Muller Brazil, LLP, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).